### KANE v. SIMONS et al.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

MUNICIPAL CORPORATIONS (§ 819*)—TORTS—INJURIES IN STREET—MATERIAL PILED IN STREET—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against building contractors for injury to a child, caused by an iron beam falling from a pile while he was walking along the street, evidence *held* to warrant a finding that defendants negligently piled the beams.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

Appeal from Trial Term, New York County.

Action by Louis Kane, by Philip Kane, as his guardian ad litem, against Berry B. Simons and another, partners as Simons & Moorsfelder. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER McLAUGHLIN, and DOWLING, JJ.

John McG. Goodale, for appellant.
Benjamin Reass, for respondent.

LAUGHLIN, J. The defendants were under contract to furnish and set the iron beams in the construction of a building on the premises, 227–231 East Ninety-Eighth street, borough of Manhattan, N. Y. They furnished all of the iron beams pursuant to their contract, but sublet part of the work of setting them. During the progress of the work the sidewalk became impassable, and building material was piled in the carriageway on the northerly side of the street. On the 4th day of March, 1906, the plaintiff, who was then 10 years of age, was going easterly on the northerly side of this street, and was obliged to turn into the carriageway to pass around a pile of about 25 large iron beams, 11 feet or more in length, and while he was walking alongside of the pile one of the beams fell upon his foot and injured it. This action was brought to recover the damages thus sustained. There was no evidence of negligence on the

part of the boy, and there was nothing to account for the falling of the beam other than that it must have been insecurely piled. The plaintiff was nonsuited, upon the ground that it was not shown that the defendants deposited the beams or the street or were responsible for the manner in which they were piled.

We are of opinion that the jury would have been warranted on the evidence in finding that the beams were negligently piled and defendants were responsible therefor. Under their contract it was their duty to furnish the iron, and one of them testified that they did furnish all of the iron, used in the construction of this building; and it was further shown that the pile of beams in question were subsequently used in the construction of the building. The fact that the beams were to be used by a subcontractor does not relieve the defendants from liability; for it is fairly to be inferred from the evidence that the injury was caused by the improper piling of the beams, and not by any use of them by a subcontractor after being delivered on the street under defendant's contract.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

